915 F.2d 1566
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Steven Love PRESTON, Defendant-Appellant.
 No. 89-5241.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 27, 1990.
Decided Oct. 12, 1990.
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Jackson L. Kiser, District Judge. (CR-88-111-R)
 John H. Kennett, Jr., Roanoke, V., for appellant.
 John P. Alderman, United States Attorney, Ray B. Fitzgerald, Jr., Assistant United States Attorney, Roanoke, Va., for appellee.
 W.D.Va.
 AFFIRMED.
 Before K.K. HALL, SPROUSE and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Steven Love Preston appeals his jury conviction for possession of a firearm used in relation to a drug trafficking offense and possession of cocaine and "crack" cocaine with intent to distribute. For the reasons set forth below, we affirm.
 
 
 2
 * Preston was arrested at his Roanoke, Virginia, residence on September 2, 1988, at 5:44 a.m. pursuant to a search warrant issued to Roanoke Police officers on September 1, 1988, at 4:25 p.m. The search warrant authorized the police to search Preston's home as well as his person. A search team arrived at Preston's home at 11:30 p.m., but failed to conduct the search and departed. Upon returning at 1:30 a.m., officers again postponed execution until Preston arrived home at 5:44 a.m. After an initial attempt to leave the home armed with a gun, Preston surrendered to an officer and reentered the premises during the search. The officers' subsequent search of the home uncovered cocaine and crack cocaine and Preston was subsequently arrested. Preston was consequently indicted on one count of possession of a firearm used in relation to a drug trafficking offense, one count possession of cocaine with intent to distribute, and one count possession of "crack" cocaine with intent to distribute.
 
 
 3
 At trial, an arresting officer indicated that the delay in execution of the warrant was due to the receipt of information of the location of Preston's car tending to indicate that Preston, who was also to be searched, was not home. When questioned on cross-examination as to the rationale for the delay in executing the warrant, the officer volunteered that an informant had also indicated that Preston was then selling crack cocaine in another location. Upon Preston's objection, the trial court instructed the jury to disregard the comment but overruled the defendant's motion for a mistrial. Preston renewed the motion at the close of the government's case but it too was overruled and once more at the conclusion of all the evidence.
 
 
 4
 In its closing argument, the prosecution questioned why Preston, who contended at trial that he had rented his home to have a party prior to the execution of the search warrant and was surprised at the existence of drugs in his home, had not indicated such a defense to the police at the time of arrest. Preston objected to the statements after the jury had retired and moved for a mistrial which the court denied. The jury found Preston guilty on all three counts and the district court sentenced him to five years on the firearm charge and fifty-seven months on the drug charges, which were to run consecutively with the firearm charge.
 
 II
 
 5
 On appeal, Preston contends that the district court should have declared a mistrial based on the introduction of hearsay testimony by the prosecuting witness. He also argues that the search conducted by the officers was defective because officers intentionally delayed execution of the search warrant in violation of the "forthwith" command of the warrant and that evidence should have been suppressed. Lastly, Preston contends that the comment by the prosecuting attorney on closing argument as to why he had not voiced his defense upon arrest violated his constitutional right against self-incrimination.
 
 
 6
 Absent an abuse of discretion on the part of the trial court, the denial of the motion for mistrial must be affirmed. See, e.g., United States v. DiLoreto, 888 F.2d 996, 998 (3d Cir.1989). The allegation of such an abuse is not supported by the record. The record shows that the district judge immediately instructed the jury to "disregard the hearsay testimony ... as to what this informant told [the officer] with regard to any drug transaction." The record also reflects that the judge had previously instructed the jury on the importance of giving credence to any such instruction in the event such evidence were presented. The court reasonably acted within its discretion in denying Preston's motion for mistrial.
 
 
 7
 Preston's objection that the search was constitutionally defective because arresting officers intentionally delayed execution of the search warrant was properly rejected. The standard as conceded by Preston is that search warrants must be diligently executed within a reasonable time from their issuance. See, e.g., Spinelli v. United States, 382 F.2d 871 (8th Cir.1967), rev'd on other grounds, 393 U.S. 410 (1969). In light of the fact that the warrant authorized a search of the person as well as premises, and officers had received information as to Preston's whereabouts, the officers acted reasonably in awaiting Preston's arrival to fully execute the warrant. Preston argues that he was unable to file a pretrial motion to suppress the evidence discovered pursuant to the warrant based on the deliberate delay of the officers as there was no evidence of the true intent before the officer testified at trial. Although the reasonableness of the officers' actions in executing the warrant disposes of the issue, the untimeliness of the motion was also sufficient grounds for its denial. While Preston may not have anticipated that an officer would admit the intent behind the delay on the stand, the search warrant indicated the time of issuance and execution and therefore placed defendant on notice. The reference made by the prosecuting attorney in closing to Preston's failure to present his defense on arrest did not violate his constitutional right against self-incrimination. The record reflects that Preston was not under arrest nor in custody at the time of his silence. Under the circumstances of this case the prosecution's use of Preston's pre-arrest silence to impeach his trial testimony was not unconstitutional. See Jenkins v. Anderson, 447 U.S. 231 (1980).
 
 
 8
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and oral argument would not aid in the decisional process. For the reasons set forth above, we hold that the conviction shall stand and that the district court correctly assessed the merits of the defendant's objections and motions for mistrial in so overruling.
 
 
 9
 AFFIRMED.